56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ralph GREEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2350.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 25, 1995.
 
 Before Cummings, Easterbrook and Ripple, Circuit Judges.
 
 ORDER
 
 1
 Ralph Green pleaded guilty in federal court to conspiracy to possess knowingly and intentionally, with intent to distribute, more than 500 grams of cocaine. He was sentenced to 78 months imprisonment. The district court denied Green's request to depart from the United States Sentencing Guidelines and to allow him to serve his term concurrently with an unexpired Missouri prison sentence. Green's codefendant, Ronald Boyer, stood trial in federal court for the same crime and was sentenced to 216 months imprisonment. Boyer was allowed to serve his term concurrently with an unexpired Missouri prison sentence.
 
 
 2
 Green did not appeal, but later filed a motion pursuant to Fed. R. Crim. P. 35 attacking his sentence. In the motion Green stated that Boyer was given a concurrent sentence because he is white, but Green was denied a concurrent sentence because he is black. The district court dismissed the motion because sentences such as Green's that are imposed under the Sentencing Reform Act are not subject to modification upon Rule 35 motions. Green later filed a motion pursuant to 28 U.S.C. Sec. 2255, making the same statement and attacking the district court's decision not to depart from Guidelines section 5G1.3 in his case.
 
 
 3
 The district court dismissed the section 2255 motion because Green procedurally defaulted his claims by not raising them on direct appeal. The district court's decision was partially correct. Although Green defaulted his "departure" argument, he did not default his "concurrent" argument because Green's time to appeal expired before Boyer was sentenced, so Green could not have known of the alleged sentencing inconsistency. Doe v. United States, No. 92-3732, slip op. at 13 (7th Cir. April 3, 1995); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). Green, however, failed to present his sentencing argument on appeal. Although he made a single-sentence reference to racial animus in both his ill-fated Rule 35 motion and in his section 2255 motion, he makes no mention of it in his appellate brief. Further, Green concedes that he was sentenced properly within the Guidelines. Because Green has not presented a viable argument and because he was sentenced properly, we affirm the district court's dismissal of his section 2255 motion. See, e.g., United States v. Salazar, 983 F.2d 778, 783 (7th Cir. 1993) (alleged inconsistent attribution of quantity of cocaine between codefendants insufficient, standing alone, to challenge sentence within appropriate Guidelines range on equal protection grounds); see also, United States v. Cea, 963 F.2d 1027, 1033-34 (7th Cir.), cert. denied, 113 S. Ct. 281 (1992) (sentencing disparity between codefendants eclipsed by imposition of sentence within Guidelines range).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record